ROBERTS, Justice.
Petitioner Biber was charged with the larceny (petit) of “certain contracts, evidence of debt, property or articles of value, to witthe salesman’s copy of three *748 contracts between his former employer, an exterminating company (“the company” hereafter), and its customers, in violation of a City of Miami ordinance, and was convicted of this charge in the Municipal Court of the City of Miami. His conviction was affirmed on appeal to the Circuit Court of Dade County, and we here review the order of affirmance on Biber’s petition for the writ of certiorari.
 The ordinance under which Biber was convicted is based on Section 811.021, Fla.Stat.1953, F.S.A., which, inter alia, denounces as larceny the secreting, withholding or appropriation of “any money, personal property, goods and chattels, thing in action, evidence of debt, contract, or property, or article of value of any kind; * * *_» The evidence showed that the copies of contracts which Biber was charged with stealing were a standard printed form of customer contract used by the company, under which the company agreed to exterminate chinch bugs on the lawn of the customer and the customer agreed to pay the company a designated sum when the work was completed. Biber, a salesman for the company, had signed the contracts in question on behalf of the company, but the customers had not signed them. Since they were executory bilateral contracts, executed only by one party, they were nudum pactum and thus were only secondary evidence of the terms of the oral contract previously entered into between the customer and Biber, on behalf of the company,'and of the debt which the customer would owe to the company upon the completion of the job. In Hart v. State, 92 Fla. 809, 110 So. 253, 254, this court held that a “mere memorandum, however formally made, but nevertheless of no contractual value and of no binding force upon person or property, * * * would not be the subject of larceny as a ‘certificate or order.’ ” While this decision was made prior to the amendment of our larceny statute in 1951, Chapter 26912, Laws of Florida, Acts of 1951, the situation is sufficiently analogous to require a holding that a salesman’s copy of a contract is not a “contract” or “evidence of debt” within the meaning of the statute, Section 811.021, supra. See also Wharton’s Criminal Law, 12th Ed., Sec. 1121, where it is said: “If the instrument stolen be one on which a claim could under no circumstances at anytime be sustained, then even under a statute designating such instrument, it is not the subject of larceny.”
It is our opinion, however, that the copies of the contracts were the subject of larceny under the language of the statute referring to “property, or article of value”. There can be no doubt that the theft of these copies would work to the injury of the company, since at the time he was arrested Biber had already turned them over to an internal revenue agent to use against the company on its income tax return. They were “valuable” in the hands of the agent of the Director of Internal Revenue, even though not “valuable” in the hands of the company as a “evidence of debt or contract”. There was also evidence that the copies were of value to the company as a customers’ list for the purpose of re-solicitation of the customer in the following year. By the same token, they would be valuable in the hands of tire defendant for the same purpose in competition with the company, his former employer.
We hold, then, that the wrongful withholding by Biber’ of 'the salesman’s 'copies of the contracts' was petit larceny within the meaning of Section 811.021, supra, and that there was no error in affirming his conviction.
Certiorari denied.
DREW, C. J., and TERRELL' and SE-BRING, JJ., concur.