**In re A.W. SLOBUSKY, Debtor.**

**Bankruptcy No. 79–198–BKC–NCR–W.**

United States Bankruptcy Court,
S.D. Florida.

Feb. 1, 1983.

Andrew V. Tramont, Jr., Miami, Fla., for trustee.

Andrew Hall, Miami, Fla., for Feldman and Glass.

SIDNEY M. WEAVER, Bankruptcy Judge.

The Trustee in the above captioned case has objected to the allowance of claims filed by Joseph M. Feldman and Hyman S. Glass. Each claim is in the amount of $342,000.00. At trial, however, both claimants agreed that the claims are duplicative of each other, and that the total amount due both claimants does not exceed $342,000.00.

In support of their claims, claimants have attached to their Proofs of Claim an Agreement dated March 16, 1971, which purports to evidence a joint venture "by and between A.W. SLOBUSKY, JOHN W. BECK, HYMAN S. GLASS and JOSEPH M. FELDMAN." The apparent purpose of the venture was to purchase a controlling interest in the University City Bank of Gainsville, Florida. This interest was to be purchased with the proceeds of a $900,000.00 loan from the Depositors Trust Company of Augusta, Maine to Mr. Feldman. The purpose of the Agreement was to delineate the respective interests and liabilities of the joint venturers. Paragraph 6 of the Agreement provided that the "parties hereto agree that their interests and obligations with regard to this transaction are in the nature of a joint venture and are respectively equal in all respects." Notwithstanding that provision, only Mr. Feldman executed the $900,000.00 promissory note in favor of Depositors Trust Company. In addition, although there is a signature line for each joint venturer, only the Debtor's signature appears on the Agreement attached to the proofs of claim filed.

For reasons unrelated to the resolution of these objections, Mr. Feldman defaulted on the note to Depositors Trust. Thereafter, Depositors Trust sued not only Mr. Feldman, but also Mr. Glass and the Debtor. (Mr. Beck had previously sold his interest in the joint venture to the other joint venturers). In its Complaint, Depositors Trust alleged that the Debtor's liability stemmed from his execution of the joint venture Agreement, upon which it allegedly relied in lending the $900,000.00 to Mr. Feldman. The Debtor filed his voluntary bankruptcy

petition prior to the conclusion of that lawsuit, and Messrs. Feldman and Glass eventually settled with the Depositors Trust Company. The instant claim for $342,000.00 is based on the Debtor's alleged one-third liability to Messrs. Feldman and Glass arising from the Agreement.

At trial, the Debtor testified that he never intended to become involved in this joint venture, and that he so informed Mr. Feldman prior to the date of the Agreement. He contends that it was not uncommon for him to execute documents placed in front of him by Mr. Feldman, his friend and frequent business partner at that time, without carefully reviewing them (although in hindsight he admits that it was not the most prudent thing to do). In this case, however, he realized what he signed shortly after having signed it. He again informed Mr. Feldman that he was not taking part in this venture, and questioned the latter as to why he was being asked to sign. According to the Debtor, Mr. Feldman then acknowledged the Debtor's refusal to participate in the venture; he wrote the words "Void and Incomplete" on the last page of the Agreement, and then signed his name below those words. This second version of the joint venture Agreement was produced by the Trustee.

Although Mr. Feldman admitted that he did write those words, he contends that he did so in order to evidence the fact that Mr. Beck was no longer part of the joint venture.

The Court having reviewed the documentary evidence and heard the testimony presented, observed the candor and demeanor of the witnesses, considered the pleadings and arguments of counsel, and being otherwise fully advised in the premises, does hereby find and conclude the following:

First, the "unvoided" Agreement submitted by the claimants in support of their claims was not actually executed by them, and, therefore, was not a binding agreement between the parties. See *Rork v. Las Olas Company,* 156 Fla. 510, 23 So.2d 839 (1945); *Biber v. City of Miami,* 82 So.2d 747 (Fla.1955).

Second, even if, as a matter of law, the Debtor could have been liable on the Agreement without Messrs. Feldman and Glass having signed it, the Court finds convincing the Debtor's testimony that he never intended to be part of the joint venture, and that Mr. Feldman voided the entire Agreement after having been reminded of this by the Debtor. The Court recognizes the rule of construction that ambiguous language in a contract or agreement must be strictly construed against the party drafting it. *Hurt v. Leatherby Insurance Company,* 380 So.2d 432 (Fla.1980). Notwithstanding that principle, the Court finds implausible Mr. Feldman's explanation for having written those words, especially since his alleged intention could have been more clearly expressed simply by striking Mr. Beck's name from the Agreement. Moreover, it is curious that neither claimant attached to their Proofs of Claim a copy of the voided Agreement.

In conclusion with the findings herein stated above, the Court hereby sustains the objections of the Trustee to the claims filed by Joseph M. Feldman and Hyman S. Glass.