In re Gary Logan BENNETT, SS # 525–01–4409, d/b/a Southwest Sales, a sole proprietorship, and Andrea Louise Bennett, SS # 526–60–0076, (No. 11–81–01039 MA).

Oscar A. WYATT, Jr., Plaintiff,

v.

Gary L. BENNETT, Defendant, Counterclaimant and Third Party Plaintiff,

v.

GROOS NATIONAL BANK, M.W. (Bud) Haun, Lindsay Langham, Ruth Manges, Morris Ashby, Lynn Smith, Duard Howard, R.L. Brusenhan, Stuart Van Eman, Frank Baskin, Frank L. Anderson, Albert Cole, and Clinton Manges, Third Party Defendants.

Civ. No. 84–950 BB.
Adv. No. 83–0515 M.

United States Bankruptcy Court, D. New Mexico.

Oct. 23, 1984.

Stephen Parten, San Antonio, Tex., for plaintiff.

James S. Starzynski, Albuquerque, N.M., for plaintiff and for third party defendant Groos Nat. Bank.

Charles G. Berry, Charles Wyman, Louis Puccini, Jr., Albuquerque, N.M., John F. Ryan, Austin, Tex., for defendant Bennett.

Jack Hebdon, San Antonio, Tex., for third party defendants except Clinton Manges.

Marynell Maloney, San Antonio, Tex., Douglas T. Francis, Albuquerque, N.M., for third party defendant Clinton Manges.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

### CONFLICT OF LAWS

This case came before the Bankruptcy Court when it was removed from the Western District of Texas, San Antonio Division. In conjunction with this removal, the question has arisen as to which state's law should be applicable in deciding this case. The defendant, third-party plaintiff, Gary L. Bennett argues that his allegations of fraud, deceit, and conspiracy to defraud, sound in tort and are governed by New Mexico substantive law of torts.

In this instance, Bennett alleges that he incurred economic losses in New Mexico as a result of the fraud and thus New Mexico law should apply. Bennett also argues that New Mexico is the state of his residence and New Mexico is the place where the bankruptcy estate is located. Using this approach, Bennett argues that New Mexico law should govern this case. Bennett also argues that New Mexico has the most significant relationships with the matter in dispute. "The Court has a substantial interest in applying the law of the forum state because of the affect which the litigation may have upon the debtor's estate." (Supplemental Brief of Gary L. Bennett at p. 15) He argues that there would be uniformity if all litigation regarding Bennett in this bankruptcy applied New Mexico law.

The plaintiffs argue that we should follow the significant relationship test as used in Texas. *Duncan v. Cessna Aircraft Company,* 665 S.W.2d 414 (Texas 1981). Under this theory, Texas law would apply because of the significant contacts with that state, namely, (1) the plaintiff and the third party defendants reside in Texas; (2) the transaction occurred in Texas; (3) the contract (promissory notes) were to be paid in Texas; and (4) the fraud if any, occurred in Texas.

Basically there are two theories on which this case is brought. First is the action by Wyatt against Bennett on the promissory note. Second is the action by Bennett against Groos National Bank for fraud and conspiracy. Each must be treated separately in determining which law should apply.

A. The Cause of Action Based on the Promissory Note.

▮ Under New Mexico Conflict of Law Rule, when interpreting a contract, the Courts look to the law of the place wherein the contract was consummated. A contract is consummated where the last act necessary to its formation is performed. *Pound v. Insurance Company of North America,* 439 F.2d 1059 (10th Cir.1979).

▮ In this case, the following acts took place in Texas: (1) a promissory note was signed on June 30, 1976, for $180,000.00. (2) a promissory note was signed on July 7, 1976, in the amount of $420,000.00. (3) a promissory note was signed on February 8, 1977, in the amount of $529,898.00. (4) the terms of the contract called for performance to take place in Texas. It is not necessary that this Court adopt the significant relationship test as urged by the plaintiffs and third-party defendants, since the same result would be reached by using the New Mexico Conflict of Law Rules for Contract Actions. Thus, Texas law will apply to the action based on the promissory note.

**B. The Cause of Action Based on Fraud, Deceit, and Conspiracy.**

■ Generally, in conflict of law situations, the forum state will apply the law of the state where the injury occurred. *Smith v. Greyhound Lines, Inc.*, 382 F.2d 190 (10th Cir.1967). An illustration of this rule defines the place of wrong as that state where the person parts with the possession of goods as a result of fraudulent misrepresentations. *Pat J. Murphy, Inc. v. Drummond Dolomite, Inc.*, 214 F.Supp. 496 (1963). In this case, although Bennett suffered economic injury in New Mexico as a result of the fraudulent misrepresentations, the state where Bennett parted with the possession of goods as a direct result of the fraudulent misrepresentation is Texas. As such, Texas law must apply to the tort action in fraud and misrepresentation as well.

Both the cause of action based upon the promissory note and the cause of action based upon fraud, deceit, and conspiracy must be decided under Texas law. Texas was the state where the contract was consummated, and was also the state where the injury occurred. As such, all proceedings in this case will be decided based on Texas law.

**MOTION TO DISMISS RICO CLAIMS**

This matter came before the Court on the motion to dismiss Gary L. Bennett's Third Amended Counterclaim against Oscar A. Wyatt, Jr. and the motion to dismiss Bennett's cause of action based on racketeer influence and corrupt organizations against Groos National Bank, et al., pursuant to 18 U.S.C. § 1962. The primary issue for the Court's determination is whether Bennett's counterclaim and amended complaint against Wyatt and Groos National Bank et al. under 18 U.S.C. § 1962 relate back to Bennett's original claims pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. Bennett argues that because the RICO claims "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." The

plaintiff, Wyatt, and the third-party defendants, Groos National Bank, et al., argue that none of the matters alleged in the RICO cause of action were the subject of Mr. Bennett's original pleadings and that the allegations of the RICO claim involve additional conduct that has never previously been the subject of any complaint.

■ In addition, Wyatt argues that defendant's third amended counterclaim does nothing more than reallege his previous allegations of fraud. Injury that is actionable under civil provisions of RICO is not that which results merely from predicate acts constituting "pattern of racketeering activity" but rather "distinct RICO injury" that is caused by pattern of racketeering. *Bankers Trust Co. v. Rhoades*, 741 F.2d 511 (2nd Cir.1984). Rule 8(c) of the Federal Rules of Civil Procedure clearly designates fraud as an avoidance or affirmative defense. When Bennett first alleged this counterclaim against Wyatt, the trial court ordered that:

> any defenses that the defendant may wish to urge to the complaint should be presented by way of answer and not by way of counterclaim. Consequently, since the defendant contends that the plaintiff is not a holder in due course, the defendant may assert by way of answer any defenses he originally had against Groos National Bank, the maker of the note. Accordingly, since the defendant contends that the plaintiff is not a holder in due course, the defendant may assert by way of answer any defenses he originally against Groos National Bank, the maker of the note. Accordingly, the plaintiff's motion to dismiss the counterclaim is granted but without prejudice to defendant's filing by June 13, 1978, (1) an amended answer, if he so desires, and (2) an amended counterclaim, if he in fact has an actual claim against the plaintiff other than mere defenses to recovery upon the note.

Bennett filed a second amended counterclaim in the same lawsuit. The United States District Court for the Western District of Texas dismissed this second amend-

ed counterclaim also. Wyatt contends that Bennett's allegations in his third amended counterclaim are merely repetitious of his previous claims against Wyatt which have already been dismissed and thus are barred by res judicata.

Finally, Wyatt's attorney alleges that this counterclaim is barred by laches. He argues that Bennett did not allege a counterclaim or assert any affirmative relief against Wyatt since May 1980. Wyatt claims that in reliance on this he has done no discovery in this area. He claims that the allowance of the RICO claim this late in the procedure would unduly prejudice his rights, and would cause him to begin discovery on this issue in a case where much money and time has already been spent.

In addition, Wyatt fears that this delay in asserting the claim has caused him prejudice because the evidence in a case this old is difficult if not impossible to recreate.

For these reasons, Wyatt feels that the doctrine of laches should apply.

The provisions of 18 U.S.C. 1962 provide that "it shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." The discovery required to prove a RICO cause of action involves many different issues than those involved in a common law fraud cause of action. The plaintiff must prove not only that the fraud occurred, but that there was a pattern of racketeering activity.

■ In light of the fact that this case has been in progress since 1977, and that discovery is nearly complete, this Court finds that the RICO cause of action, which involves different issues and a different transaction than that of the common law fraud originally pled in the cause of action, is a wholly different transaction and thus is barred by the statute of limitations. As such, this Court does not have to reach the res judicata issue nor the laches.

■ Even if the statute of limitations had not run on the RICO claim, this cause of action is inappropriate. The Second Circuit recently addressed the problem in *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 741 F.2d 482 (2nd Cir.1984). In that case, the plaintiff brought a private civil action under the Racketeer Influenced and Corrupt Organizations Act. The case was dismissed at the trial level for failure to allege a "RICO type injury" in a complaint alleging business fraud. The Second Circuit upon review of the statute determined that a RICO cause of action in the civil context may be maintained only after the defendant has been convicted of predicate criminal acts. Justice Oakes explained:

Had Congress considered this problem, it would have explicitly required previously established convictions in the context of § 1964(c). Absent such explicit congressional direction, such a narrow reading of § 1964(c) best integrates that subsection into the entire structure of the Act.

*Sedima, S.P.R.L. v. Imrex Co., Inc., supra.*

Because there has been no underlying criminal conviction third-party plaintiff Bennett may not raise that cause of action here.

Therefore, this Court hereby dismiss the RICO claims brought by way of counterclaim against Oscar A. Wyatt, and the RICO causes of action against Groos National Bank, et al.

## SUBSTITUTION OF PARTIES

Clinton Manges and Oscar S. Wyatt, Jr. filed a joint motion to substitute Clinton Manges for Oscar S. Wyatt, Jr. as the plaintiff in this action.

Manges and Wyatt allege that they have entered into a settlement agreement. As a part of that agreement, they agreed that Manges should be substituted as plaintiff in this suit based upon the promissory note dated February 8, 1977. In addition Wyatt assigned the promissory note to Manges, thus making Manges the real party in interest. This Court has not been provided with this stipulated agreement for review.

If this agreement is provided to the Court within 14 days of the date of this opinion, the Court will review the document and rule accordingly. If the document is not provided to this Court the order will be denied.

This opinion constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

An appropriate order shall enter.