**In re SPORTING WAY, INC., Debtor.**

**Bankruptcy No. 89–6268–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 1, 1991.

David L. Dawson, Naples, Fla., for Net Realty Holding Trust.

Diane L. Jensen, Fort Myers, Fla., trustee.

Pavese, Garner, Haverfield, Dalton, Harrison & Jensen, Cape Coral, Fla., for trustee.

Louis X. Amato, Edward R. Miller, Naples, Fla., for debtor.

Lynne L. England, Tampa, Fla., Asst. U.S. Trustee.

## ORDER ON MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM AND TRUSTEE'S OBJECTION TO CLAIM

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case, and the matter under consideration is Net Realty Holding Trust's (Net Realty) Motion for Allowance of Administrative Expense Claim and the Trustee's Objection to Claim No. 54 filed by Net Realty. Net Realty seeks an order allowing as an administrative expense its claim in the amount of $86,980.95. The Court has considered the Motion and the Objection, together with the record, and finds the facts relevant to a resolution of the issues raised by the Motion and the Objection to same are as follows:

On August 8, 1986, Net Realty, as lessor, and the Debtor, as lessee, entered into a shopping center lease of premises located in Naples, Florida, for a term beginning July 1, 1986, and ending June 30, 1991. The Debtor commenced to operate its retail store on the leased premises and continued to carry on its business on the leased premises until it filed its Petition for Relief under Chapter 11 on September 11, 1989, and even after the commencement of the case as the Debtor-in-Possession. On December 19, 1989, this Court entered an Order and authorized the Debtor to assume the lease with Net Realty. The Debtor remained current on its rental payments until March 30, 1990. When the Debtor failed to achieve reorganization, the case was converted to a Chapter 7 liquidation case on April 10, 1990. On July 11, 1990, the Trustee filed her Notice of intention to abandon the inventory and fixtures of the Debtor located on the leased premises, but did not actually surrender possession of the premises to the landlord until November 15, 1990.

Net Realty filed its initial Administrative Claim in the amount of $23,194.92 claiming priority pursuant to § 507(a)(1) for the use and occupancy of the leased premises by the estate for the months of April through July, 1990, for which no rent had been received. The Trustee's Objection to the initial claim of Net Realty is based on the proposition that the "assets which occupied the leased premises were abandoned by Trustee—rent not an obligation of Estate." (sic)

Net Realty subsequently filed an amendment to its initial claim in which it now asserts an entitlement to an administrative rent in the amount of $86,980.95. Net Realty also filed the Motion presently under consideration, in which it seeks the allowance of this amount to be charged as an administrative expense, pursuant to § 503 of the Bankruptcy Code. As noted earlier, it is without dispute that numerous items of the Debtor's assets, inventory and fixtures in fact remained in the leased premises until approximately November 15, 1990.

The claim of $86,980.95 of Net Realty is based on the following (1) outstanding rent unpaid for use and occupancy by the Chapter 7 Trustee from April 1990, up to and including November 1990 in the amount of

$46,389.84 and (2) the unpaid rent pursuant to the assumed lease for the remaining balance of the lease (7 months—$40,591.11).

In order to resolve the Motion and Objection, it should be noted at the outset that the act of assumption of a lease creates an administrative expense obligation, which includes a claim for damages resulting from the breach of the lease. 11 U.S.C. § 365(g); *In re Multech Corp.*, 47 B.R. 747 (Bankr.N.D.Iowa 1985). Thus, if a lease is assumed during the pendency of a Chapter 11 case, the liability resulting from the breach of that lease will be regarded as a Chapter 11 administrative expense. *In re Multech Corp., supra.*

The Court in *Multech* was faced with facts similar to those present in this case. In that case, the Debtor (Multech) had entered into a lease agreement in 1975 for a ten year term. Several years later, Multech initiated a Chapter 11 case and, pursuant to Court order, was allowed to assume the unexpired lease. After assumption of the lease, Multech's Chapter 11 case was converted to a Chapter 7 liquidation. Prior to conversion, but after assumption of the lease, Multech breached its lease, the automatic stay was lifted, and the landlord was allowed to pursue his state law remedies for the breach. The Court concluded that the landlord's claim for damages resulting from the rejection (breach) of the unexpired lease constituted an administrative expense under Chapter 11. *In re Multech Corp., supra* at 752.

This Court is satisfied that Net Realty's lease was breached by the Debtor-in-Possession on April 1, 1990, by its failure to make the required rental payment pursuant to the assumed lease agreement. Consequently, since the breach occurred during the time the Chapter 11 case was pending, Net Realty's damages from the breach shall be treated as Chapter 11 administrative expenses and subordinated to the costs of administration of the Chapter 7 liquidation case pursuant to § 726(b).

Net Realty's Chapter 11 damages are measured based on the breach from the date of the Debtor's breach of the lease (April 1, 1990) to the date of conversion (April 10, 1990). The record reflects that the monthly rent was $5,798.73. Thus, the prorated rent for the nine days between April 1 and April 10, 1990, totals $1,739.70, and as previously stated, will be treated as a Chapter 11 administrative expense.

This leaves for consideration the claim filed by Net Realty for use and occupancy of the premises by the Trustee. The record is without dispute that the Trustee did occupy the premises from the date of conversion, April 10, 1990, up to and including November 15, 1990. Equally, there is no dispute that the amount of monthly rent stipulated in the lease which had been assumed by the Debtor-in-Possession prior to conversion and during the Chapter 11 represents the reasonable value of the use and occupancy of the premises, nor is there any evidence in this record to the contrary. Section 503 of the Code expressly authorizes an entity to file a request for payment of an administrative expense and Subclause (b)(1)(A) permits an allowance for reimbursement of the actual and necessary costs and expenses incurred by the estate for preserving the properties of the estate. It cannot be gainsaid that this Section authorizes the allowance of administrative rent to a landlord whose premises have been occupied by the Trustee.

In this particular instance, the Trustee concedes that the premises were not surrendered to the landlord until November 15, 1990, but contends that the estate should not be charged for the entire period for administrative rent because on July 11, 1990, the Trustee filed a Notice of her intention to abandon the property which was physically located on the premises in question. The argument advanced by the Trustee is a non sequitur and not supported by either logic or by applicable law.

There is hardly any question that it is the duty and obligation of the Trustee to make an immediate determination without delay whether or not there is a salvageable value in the properties which are on the premises of the landlord which would benefit the estate, or whether the properties are fully

encumbered and thus, should be abandoned as burdensome. After having made this determination, the Trustee has the duty forthwith to surrender the premises to the landlord in order to relieve the estate of any further liability for administrative rent. The fact that the Trustee filed her Notice to abandon the property without surrendering the premises is without significance since the record fails to reveal whether she gave the landlord actual notice that she intended to abandon the leased premises. Thus, the Trustee shall be deemed to have constructively occupied the premises until November 15, 1990.

In sum, this Court is satisfied that the estate is liable to the landlord for administrative rent pursuant to § 503(b)(1)(A) from the date of conversion up to and including the date of surrender of the premises. Such administrative expense is a Chapter 7 administrative expense and will have first priority pursuant to § 507(a)(1). The prorated rent for that period totals $41,557.28.

■ As to the time period from November 15, 1990, through June 30, 1991, the record does not reflect any evidence to suggest that Net Realty attempted to relet the premises or mitigate their damages in any way. Therefore, this Court will reserve judgment on the measure of damages for the time period stated above until a final evidentiary hearing is held to determine the extent that Net Realty has mitigated its damages.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to Claim be, and the same is hereby, overruled in part, and Claim No. 54 is hereby allowed in part as set forth below. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Allowance of Administrative Expenses regarding Claim No. 54 be, and the same is hereby, granted in part as set forth below. It is further

ORDERED, ADJUDGED AND DECREED that Net Realty is hereby entitled to a Chapter 7 administrative expense in the amount of $41,557.28, and a Chapter 11

administrative expense in the amount of $1,739.70 which shall be subordinated to Chapter 7 administrative expenses pursuant to 11 U.S.C. § 726(b). It is further

ORDERED, ADJUDGED AND DECREED that a final evidentiary hearing regarding Net Realty's attempt to mitigate damages for the time period from November 15, 1990, through June 30, 1991, shall be held on May 10, 1991, at 1:00 P.M.

DONE AND ORDERED.