PER CURIAM:
 

 This case on appeal involves two issues, (1) whether appellees are entitled to attorney fees under Georgia law, and (2) if so entitled, whether the claim for attorney fees was a provable debt in bankruptcy. In the proceedings below, the judge of the bankruptcy court, while holding a claim for attorney fees as a provable debt in bankruptcy, ruled that the debt had not been collected in this case and that appellees were not entitled to attorney fees. The district court, while agreeing that the debt was provable in bankruptcy, overruled the holding by the bankruptcy court that appel-lees were not entitled to attorney fees. We affirm the decision of the district court.
 

 In February 1977, the general partners of East Side Investors (East Side) executed three promissory notes in favor of certain creditors (Mills Group). Each note contained the following “attorney’s fees” provision:
 

 Should this Note, or any part of the indebtedness evidence hereby, be collected by law or through an attorney-at-law, the holder shall be entitled to collect attorney’s fees in an amount equal to ten (10) percent of the principal and interest, and all costs of collection.
 

 The notes went into default, and attorneys for the Mills Group sent a letter in August 1978 to the general partners of East Side. This letter recited the default, gave notice of the Mills Group’s exercise of their right to accelerated payment, and gave notice with respect to attorney’s fees. The letter read in part:
 

 Said notes provide for the payment of 10% of the principal and interest as attorney’s fees if collected by law or through an attorney at law. You can save yourself the attorney’s fees by paying in full at our office at any time within ten (10) days after receipt by you of this notice, the principal and accrued interest due on all said Notes.
 

 The letter further disclosed that the Mills Group intended to foreclose on the property securing the notes.
 

 
 *244
 
 A nonjudicial foreclosure of the property was commenced by the Mills Group during October 1978. On November 7, 1978, however, East Side filed a petition under Chapter XII of the Bankruptcy Act, which automatically stayed the foreclosure. At the time the petition was filed, no payment had been made on the notes. The Chapter XII proceeding is still pending, and thus the foreclosure has never been completed.
 

 In the Chapter XII case, the Mills Group commenced an adversary proceeding for sequestration of rents and for modification of the stay. In opposition, East Side contested the indebtedness claimed by the Mills Group and counterclaimed. This counterclaim was construed to be for adjudication of the validity, priority, and extent of the Mills Group’s liens on East Side’s property. This dispute was resolved by consent orders providing that the Mills Group had a second priority for the principal due under the notes as well as for interest accrued and accruing. The consent orders did not resolve the issue of the Mills Group’s right to attorney’s fees as provided by the notes. To resolve that issue, both sides stipulated the material facts and the Mills Group moved for summary judgment.
 

 The bankruptcy court noted that East Side had made no payments on the notes from the time that the Mills Group’s attorney gave notice of the acceleration of the debt until East Side filed for Chapter XII relief. The bankruptcy court determined that this fact warranted the conclusion that there had been no collection of the debt “by or through an attorney,” and thus the Mills Group’s right to 10% attorney’s fees was defeated.
 

 The Mills Group appealed to the district court, which reversed the bankruptcy court. The district court concluded that the condition of collection “by or through an attorney” was satisfied prior to the commencement of bankruptcy because the ten-day period expired without payment and the attorney proceeded with the appropriate foreclosure action and pursued the action until the point of bankruptcy.
 

 On appeal, East Side as appellant urges that the notes were not collected “by or through an attorney” within the meaning of Ga.Code Ann. § 20-506.
 

 Ga.Code Ann. § 20-506
 
 [1]
 
 provides that a provision in a promissory note for attorney fees is valid and enforceable if five conditions are met, one such condition being that the note “be collected by or through an attorney.” Both parties agree that the other four conditions were met, and the only dispute is whether the note was “collected by or through an attorney.” This case is controlled by Georgia law, and we find no Georgia case which answers the question presented by these facts. Thus, we will attempt to answer the question as we believe a Georgia court would.
 

 East Side contends that this case is controlled by
 
 Citizens & Southern National Bank v. Bougas,
 
 149 Ga.App. 722, 256 S.E.2d 37 (1979),
 
 rev’d in part on other grounds,
 
 245 Ga. 412, 265 S.E.2d 562 (1980). In
 
 Bougas,
 
 the bank sought to recover the
 
 *245
 
 principal amount of a promissory note, together with attorney’s fees, from Bougas. The bank gave the required ten-day notice for collection of the attorney’s fees, and then its attorneys brought suit on the note after the ten-day period had expired. While the suit was pending, however, the bank collected the debt by setting off the amount of the note and the attorney’s fees against a savings bond owned by Bougas but in possession of the bank. The suit on the note was then dismissed. Bougas brought suit to recover the attorney’s fees collected by the set-off, and a directed verdict was entered in Bougas’ favor. The directed verdict was affirmed by the Georgia Court of Appeals because the note was collected by the bank via its set-off and not “by or through an attorney.”
 

 East Side contends that this case presents the same kind of situation as in
 
 Bougas.
 
 East Side takes the position that the debt represented by the note will be paid through East Side’s voluntary payment pursuant to a Chapter XII plan, not as a result of any action taken by the Mills Group’s attorneys. Thus, East Side concludes that the Mills Group’s claim has not and will not be collected “by or through an attorney” any more than the bank’s claim in
 
 Bougas
 
 was collected “by or through an attorney,” and thus the
 
 Bougas
 
 principle controls this case.
 

 East Side also relies upon a Fifth Circuit case,
 
 Tobler v. Yoder & Frey Auctioneers, Inc.,
 
 620 F.2d 508 (5th Cir.1980). East Side contends that
 
 Tobler
 
 held that there can be no recovery of attorney’s fees until judgment is rendered or the debt collected. The
 
 Tobler
 
 court cites
 
 Bougas,
 
 620 F.2d at 512, in holding that there is no automatic entitlement to attorney’s fees upon expiration of the ten-day notice period.
 

 Mills Group contends that the Fifth Circuit in
 
 Tobler, supra,
 
 presumed that the right to attorney’s fees was fixed and vested upon bankruptcy notwithstanding that there was no actual collection before bankruptcy. Mills Group asserts that
 
 Tobler
 
 stands for the proposition that events occurring after the fixing and vesting of the right can defeat the right.
 

 We hold that under the facts of this case the note was collected by and through an attorney within the meaning of Ga.Code Ann. § 20-506. The debtors did not pay the note within ten days as required by the statute. East Side, the creditor, proceeded with collection proceedings by initiating the nonjudicial foreclosure proceeding. Before the foreclosure proceeding could be completed and before the creditors could file suit on the notes after foreclosure, the debtors intervened with their petition under Chapter XII of the Bankruptcy Act which resulted in an automatic stay of the collection proceedings undertaken by the creditors through their attorneys. Further, when the Mills Group commenced its adversary proceeding for sequestration of rents and for modification of the stay, East Side contested the indebtedness claimed by the Mills Group and counterclaimed. Following litigation in the bankruptcy court, the parties settled those issues by a consent decree. As we understand the facts, the consent order provided for the full amount of principal due under the notes as well as the interest accrued and accruing. Thus, it is obvious under these facts that the debtors defaulted, that the ten-day notice letter required by the statute was sent and received, that no payment was made by debtors on the note, and that litigation ensued resulting in a consent order in favor of the creditors. The fact that the creditors must now collect their debt through the Chapter XII bankruptcy proceeding instead of through the foreclosure proceeding or by levying upon and sale of property belonging to the debtors does not so change the meaning of “collected by or through an attorney” as to nullify the creditors’ right to attorney fees under the statute.
 

 The
 
 Bougas
 
 case,
 
 supra,
 
 relied upon by East Side is not in point. The bank in that case collected the debt through the self-help mechanism of setting off the amount of the note against a savings bond owned by the debtor and in possession of the bank. The bank did not collect the note through any efforts of the attorney as occurred here. Nor does
 
 Tobler, supra,
 
 help the appellant. The facts in
 
 Tobler
 
 are in no way similar to the facts here, except a settlement agree
 
 *246
 
 ment and bankruptcy were involved. The settlement agreement in that case extended the maturity date of the obligation, constituting a novation and requiring a new notice of attorney fees after maturity. Thus, that case was based on inadequacy of notice.
 

 It is obvious that the Georgia statute was intended to permit a creditor to be made whole by permitting recovery of attorney fees when a debtor defaulted and the creditor had to use the services of an attorney to effectuate collection. Services were rendered here and collection through the bankruptcy reorganization proceeding instead of collection through foreclosure will result.
 

 The order of the bankruptcy court, concurred in by the district court, properly held that the attorney fees may be enforced as a part of the debtor’s principal obligation, relying upon the cases of
 
 Security Mortgage Co. v. Powers,
 
 278 U.S. 149, 49 S.Ct. 84, 73 L.Ed. 236 (1928);
 
 Evans
 
 v.
 
 Atlantic National Bank of Jacksonville,
 
 147 Ga. 621, 95 S.E. 219 (1917); and
 
 Equitable Life Assurance Society v. Pattillo,
 
 37 Ga.App. 398, 140 S.E. 403 (1927).
 

 AFFIRMED.
 

 [1]
 

 . Ga.Code Ann. § 20-506 (1977) in relevant part states:
 

 Obligations to pay attorney’s fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable, and collectible as a part of such debt, if such note or other evidence of indebtedness be
 
 collected by or through an attorney
 
 after maturity, subject to the following provisions:
 

 (c) The holder of the note or other evidence of indebtedness, or his attorney at law, shall, after maturity of the obligation, notify in writing the maker, indorser or party sought to be held on said obligation that the provisions relative to payment of attorney’s fees in addition to the principal and interest shall be enforced and that such maker, in-dorser or party sought to be held on said obligation has 10 days from the receipt of such notice to pay the principal and interest without the attorney’s fees. If the maker, indorser or party sought to be held on any such obligation shall pay the principal and interest in full before the expiration of such time, then the obligation to pay the attorney’s fees shall be void and no court shall enforce the agreement. The refusal of a debtor to accept delivery of the notice herein-before specified shall be the equivalent of such notice.
 

 (emphasis added).