ON PETITION FOR REHEARING
 

 (Opinion December 20, 1982, 11 Cir., 1982, 694 F.2d 242)
 

 Before TJOFLAT and CLARK, Circuit Judges, and TUTTLE, Senior Circuit Judge.
 

 PER CURIAM:
 

 Appellant’s Petition for Rehearing includes the following sentence: “To support this ruling, this Court has held that litigation in the bankruptcy court simply to establish the amount of the Creditors’ claim amounts to collection ‘by or through an attorney’ and that a consent order entered in the course of the bankruptcy proceeding to establish the validity and priority of the Creditors’ claim was a judgment which the Creditors’ attorneys are now ‘collecting’ through East Side’s plan of arrangement.” This argument on the part of the appellant is no doubt based upon the following sentence in our opinion: “Services were rendered here and collection through the bankruptcy reorganization proceeding instead of collection through foreclosure will result.”
 

 Clearly our opinion said much more than this one sentence. If our holding is perceived to be that collection of a note containing Georgia’s statutory attorney fee provision in a bankruptcy proceeding automatically authorizes attorney fees, we wish to correct that impression. Perhaps we were guilty of saying too much.
 

 One of appellant’s contentions in this case was that the note was not collected “by or through an attorney” because the intervening petition for arrangement under Chapter XII barred collection in an ordinary civil adversary proceeding. The filing of the petition in bankruptcy did automatically stay the foreclosure proceeding, and collection was effectuated, as stated in our opinion, “through the bankruptcy reorganization proceeding instead of collection through foreclosure.” Appellant now argues that since oral argument, and not as a part of the record in this case, the bankruptcy proceeding has concluded with a reinstatement of the notes and a modification of the terms that provide for a greater interest payment to the creditors. What has occurred since submission of this case cannot affect our decision or opinion, absent a joint petition by all parties.
 

 To clarify our prior opinion in this case, we supplement it with the following paragraph:
 

 The filing of a petition for reorganization under Chapter XII of the Bankruptcy Act does not diminish the debtor’s obligation for attorney fees if vested when the petition is filed. The attorney fees in this instance were vested at the time the petition was filed. Appellant argues that our holding in
 
 In Re Atlanta International Raceway
 
 v.
 
 Cotton,
 
 513 F.2d 546 (5th Cir.1975), forbids the grant of attorney fees. However, petitioner confuses cases interpreting pre-petition contractual claims for attorney fees, as here, with post-petition claims. In
 
 Atlanta International Raceway,
 
 the promissory note was not in default when the debtor filed a Chapter X petition which prompted the creditors’ 10-day letter declaring the note to be in default. In our opinion in that case, our court distinguished
 
 National Acceptance Company
 
 v.
 
 Zusmann,
 
 379 F.2d 351 (5th Cir.),
 
 cert. denied
 
 389 U.S. 975, 88 S.Ct. 478, 19 L.Ed.2d 469 (1967), which was a case in which the 10-day default letter with notice of attorney fees was sent
 
 prior
 
 to the filing of the petition filed by the debtor under Chapter XI. That case in turn relied upon
 
 Security Mortgage Co. v. Powers,
 
 278 U.S. 149, 49 S.Ct. 84, 73 L.Ed. 236 (1928).
 

 The petition for rehearing is DENIED.