**In re SURE–SNAP CORPORATION, Debtors.**

**Elaine J. SHURE, Sure–Snap Corporation, Plaintiffs–Appellees,**

**v.**

**The STATE OF VERMONT Acting By and Through the VERMONT INDUSTRIAL DEVELOPMENT AUTHORITY, State Street Bank and Trust Company, Defendants,**

**Bradford National Bank As Trustee of Two Industrial Development Revenue Bonds issued by the Vermont Industrial Development Authority, Bradford National Bank, Defendants–Appellants.**

No. 91–5446.

United States Court of Appeals, Eleventh Circuit.

Feb. 16, 1993.

Charles W. Throckmorton, Kozyak Tropin Throckmorton & Humphreys, P.A., Miami, FL, for Bradford Nat. Bank.

Glenn J. Waldman, Peter Hirsch, Stroock & Stroock & Lavan, Miami, FL, for plaintiffs-appellees, Elaine J. Shure and Sure–Snap Corp.

Before KRAVITCH, Circuit Judge, HILL and SMITH *, Senior Circuit Judges.

* Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

EDWARD S. SMITH, Senior Circuit Judge:

Bradford National Bank (Bradford) appeals an order entered by the United States District Court for the Southern District of Florida denying Bradford's motion for attorney fees as the prevailing party on appeal.[1] The district court had previously entered a judgment in favor of Bradford in an appeal filed by Sure–Snap Corporation (Sure–Snap) and its guarantor, Elaine Shure, from the United States Bankruptcy Court for the Southern District of Florida.[2] The district court then issued its order holding that Bradford was not entitled to attorney fees because the parties' mortgage and security agreement (the Agreement), which contained an attorney fee provision, was terminated by the confirmation of Sure–Snap's Chapter 11 plan of reorganization. We reverse and remand with instructions for the district court to grant reasonable appellate attorney fees to Bradford.

### Issues

Bradford appeals two issues. *First*, did the district court err in ruling that the confirmation of Sure–Snap's Chapter 11 plan terminated Sure–Snap's contractual liability for Bradford's attorney fees, where those fees were incurred in a post-confirmation appeal initiated by Sure–Snap from a pre-confirmation adversary proceeding upholding the validity of the Agreement? *Second*, did the confirmation of Sure–Snap's Chapter 11 plan discharge Elaine Shure's liability, as Sure–Snap's guarantor, for Bradford's appellate attorney fees?

### Background

Sure–Snap, a Chapter 11 debtor, filed an action in the Bankruptcy Court for the Southern District of Florida on 21 April 1988 seeking a declaration that its indebtedness under a mortgage and security agreement held by Bradford was void under Vermont law. The bankruptcy court upheld the enforceability of the Agreement by its order of 20 June 1988. While the declaratory judgment action was pending, Sure–Snap filed its Chapter 11 plan of reorganization. The bankruptcy court confirmed Sure–Snap's plan on 28 June 1988. Pursuant to the plan, Sure–Snap's obligations under the Agreement were discharged in consideration of Sure–Snap's conveyance of certain mortgaged real property to Bradford.

### The Post-Confirmation Appeal

On 12 August 1988, Sure–Snap and Elaine Shure appealed to the United States District Court for the Southern District of Florida the final judgment of the bankruptcy court upholding the validity of the Agreement. The district court affirmed the bankruptcy court's decision by memorandum opinion dated 15 September 1989. As the prevailing party, Bradford filed a motion to tax appellate attorney fees and costs against Sure–Snap. The district court denied Bradford's motion on the ground that confirmation of Sure–Snap's Chapter 11 reorganization plan had terminated the Agreement and consequently had extinguished Bradford's contractual basis for an award of attorney fees.

### Standard of Review

■ The district court held, as a matter of law, that there was no contractual or statutory basis for an award of attorney fees to Bradford. The district court's conclusion of law is subject to complete and independent review by this court. *In re Thomas*, 883 F.2d 991, 994 (11th Cir.1989), *cert. denied, Thomas v. Southtrust Bank*, 497 U.S. 1007, 110 S.Ct. 3245, 111 L.Ed.2d 756 (1990).

### Sure–Snap's Liability for Attorney Fees

■ Federal courts apply state law when ruling on the interpretation of contractual attorney fee provisions. *See American Family Life Assurance Co. v. United States Fire Co.*, 885 F.2d 826, *reh'g*

---

**1.** The other named parties in the adversary proceeding, State Street Bank and Trust Co. and the State of Vermont, are not interested parties to this appeal.

**2.** *In re Sure–Snap Corp.*, No. 88–2095–CIV–Kehoe (S.D.Fla. Sept. 15, 1989) (mem.).

*denied en banc,* 892 F.2d 89 (11th Cir. 1989); *In re East Side Investors,* 694 F.2d 242 (11th Cir.1982), *reh'g denied,* 702 F.2d 214 (11th Cir.1983). The law is well settled in Florida, the forum state, that matters bearing on the validity and interpretation of a contract are governed by the law of the state where the contract was made. *In re Interstate Markings, Inc.,* 73 B.R. 1 (Bankr.M.D.Fla.1987); *Goodman v. Olsen,* 305 So.2d 753 (Fla.1974). The dispute in this case involves the interpretation of an attorney fee provision in the Agreement. Since Bradford and Sure–Snap executed the mortgage and security agreement in Vermont, its law of contract interpretation controls. Under Vermont law, attorney fees are not awarded unless authorized by legal authority or as a matter of contract. *In re Appeal of Gadhue,* 149 Vt. 322, 544 A.2d 1151 (1987); *Myers v. Ambassador Ins. Co.,* 146 Vt. 552, 508 A.2d 689 (1986).

■ Bradford relies on a specific contractual provision found in the Agreement for its claim for attorney fees. The Agreement provides:

> (7) *Court Proceedings....* [I]f the Company [Sure–Snap] is in default hereunder, the Trustee [Bradford] may enforce the provisions of this Agreement by appropriate legal proceedings ... and may recover damages caused by any breach by the Company of the provisions of this Agreement, including court costs, reasonable attorney's fees and other costs and expenses incurred in enforcing the obligations of the Company hereunder.

The district court erroneously refused to award Bradford's appellate attorney fees based on the reasoning that "[t]he provision in the parties' mortgage and security agreement for the award of attorney's fees no longer is in force, given the termination of that agreement by virtue of the confirmation and consummation of the Appellant corporation's Chapter 11 plan." [3] There is no statutory support for the district court's conclusion that confirmation of Sure–Snap's Chapter 11 plan "terminated" the Agreement. The Bankruptcy Code pro-

vides that "[e]xcept as otherwise provided ... in the plan, or in the order confirming the plan, the confirmation of a plan ... discharges the debtor from any debt that arose before the date of such confirmation." 11 U.S.C. § 1141(d)(1)(A) (1988). The confirmation of Sure–Snap's Chapter 11 plan did not terminate the Agreement; rather, confirmation prevented Bradford from enforcing the terms of the Agreement against Sure–Snap to collect pre-confirmation debt. *See Wagner v. United States,* 573 F.2d 447 (7th Cir.1978) ("[A] discharge does not cancel the obligation; the obligation still exists. A discharge merely disables the creditor from enforcing its claim." *Id.* at 453.); *In re Tinsley,* 98 B.R. 791 (Bankr.S.D.Ohio 1989) (contractual obligation made unenforceable by the discharge). Furthermore, neither the plan nor the order confirming the plan provided for termination of the Agreement.

■ The confirmation of Sure–Snap's Chapter 11 plan *discharged* its *pre-confirmation* liabilities *under the Agreement.* The attorney fees Bradford seeks were incurred by Bradford in defending a *post-confirmation* appeal initiated by Sure–Snap. Sure–Snap voluntarily continued to litigate the validity of the Agreement after confirmation of its Chapter 11 plan. Bradford had no choice but to defend. By choosing to appeal the validity of the Agreement after confirmation, Sure–Snap did so at the risk of incurring post-confirmation costs involved in its acts. "[B]ankruptcy was intended to protect the debtor from the continuing costs of pre-bankruptcy acts but not to insulate the debtor from the costs of post-bankruptcy acts." *In re Hadden,* 57 B.R. 187, 190 (Bankr.W.D.Wis. 1986) (contractor-creditor awarded post-petition attorney fees where Chapter 7 debtor voluntarily continued to litigate a pre-petition breach of contract action initiated by debtor). *Accord In re Grynberg,* 113 B.R. 709 (Bankr.D.Colo.) (judgment creditors awarded post-petition appellate attorney fees where Chapter 11 debtor voluntarily chose to appeal an underlying pre-petition judgment), *aff'd,* 143 B.R. 574 (D.Colo.

**3.** *In re Sure–Snap Corp.,* No. 88–2095–CIV–Ke-    hoe (S.D.Fla. Nov. 6, 1990).

1990), *and aff'd,* 966 F.2d 570 (10th Cir. 1992).

■ We reject Sure–Snap's argument that the underlying adversary proceeding in this case is not the type of action covered by the attorney fee provision of the Agreement. Sure–Snap asserts that the plain language of the contract applies only to proceedings initiated by Bradford to enforce obligations due under the Agreement in a default situation. An interpretation of the contractual attorney fee provision as advocated by Sure–Snap would lead to inequitable results.

Under Sure–Snap's interpretation, a debtor in default could always avoid a bargained-for attorney fee provision by first filing a declaratory judgment action. We hold that Bradford's attorney fees were manifestly "incurred in enforcing [Sure–Snap's] obligations" as that term is used in the contract. Bradford stood to lose either the property Sure–Snap had conveyed in satisfaction of its obligation as provided by the confirmation order, or a substantial sum of money if the bankruptcy court's decision upholding the validity of the Agreement had been reversed. *See Universal Drilling Co. v. Camay Drilling Co.,* 737 F.2d 869 (10th Cir.1984); *Duryea v. Third Northwestern Nat'l Bank,* 606 F.2d 823 (8th Cir.1979); *Michael–Regan Co. v. Lindell,* 527 F.2d 653 (9th Cir.1975). The Supreme Court of Vermont recently addressed a similar argument and held that the sellers of a freight airline company were entitled to contractual attorney fees in defending a counterclaim initiated by the buyer because "defending the counterclaim was necessary to collect the debt." *Wright v. Doolin,* 607 A.2d 1137, 1140 (Vt.1992).

### Elaine Shure's Liability for Attorney Fees

Elaine Shure, as guarantor under the Agreement, is liable for Bradford's appellate attorney fees. *First,* confirmation of Sure–Snap's Chapter 11 plan discharged neither Sure–Snap nor Elaine Shure for attorney fees incurred by Bradford in the post-confirmation appeal initiated by Sure–Snap. Confirmation of a Chapter 11 plan "discharges the debtor from any debt that arose *before* the date of such confirmation." 11 U.S.C. § 1141(d)(1)(A) (1988) (emphasis added). The appellate attorney fees Bradford is seeking pursuant to the Agreement arose *after* confirmation as a direct result of Sure–Snap's voluntary act of appealing the underlying adversary proceeding.

■ *Second,* confirmation of a debtor's Chapter 11 plan does not discharge the obligations of a third-party guarantor. The Bankruptcy Code provides that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e) (1988). *See also In re Stoller's Inc.,* 93 B.R. 628 (Bankr.N.D.Ind. 1988) (guarantors liable for post-petition interest and attorney fees as allowed by terms of guarantee); *In re Scranes, Inc.,* 67 B.R. 985 (Bankr.N.D.Ohio 1986) (liability of a guarantor is not altered by discharge of the debtor). The confirmation of Sure–Snap's Chapter 11 plan discharged Sure–Snap's liability for its pre-confirmation obligations to Bradford, but did not alter Elaine Shure's liability to Bradford for appellate attorney fees as Sure–Snap's guarantor.

### Conclusion

The district court erred in holding that the confirmation of Sure–Snap's Chapter 11 plan "terminated" Sure–Snap's contractual liability for Bradford's attorney fees incurred in the post-confirmation appeal initiated by Sure–Snap from a pre-confirmation adversary proceeding upholding the validity of the parties' mortgage and security agreement. Furthermore, the confirmation of Sure–Snap's Chapter 11 plan did not alter Elaine Shure's guarantor liability to Bradford for post-confirmation attorney fees. The decision of the United States District Court for the Southern District of Florida is REVERSED and REMANDED with instructions to award reasonable appellate attorney fees to Bradford.