In re Daniel A. **WELZEL,** Debtor.

Daniel A. **Welzel,** Appellant,

v.

**Advocate Realty Investments, LLC,** Appellee.

**Advocate Realty Investments, LLC,** Appellant,

v.

Daniel A. **Welzel,** Appellee.

Nos. CV 499–142, CV 499–145.

United States District Court, S.D. Georgia, Savannah Division.

Nov. 17, 1999.

---

James L. Drake, Jr., Karsman, Brooks & Callaway, PC, Savannah, GA, for Daniel A. Welzel.

Kenneth L. Royal, Royal & Vaughan, Savannah, GA, John A. Christy, Schreeder, Wheeler & Flint, Atlanta, GA, for Advocate Realty Investments, LLC.

Wiley A. Wasden, III, Brennan & Wasden, Savannah, GA, pro se.

Jack K. Berry, Savannah, GA, U.S. Trustee.

## *ORDER*

NANGLE, District Judge.

On April 21, 1999, Bankruptcy Judge Davis issued an order granting statutory attorney's fees to Advocate Realty Investments, LLC ("Advocate") in the amount of $146,799.71. Order on Debtor's Objection to Claim at 6, CV499–142 Bankr.R. on

Appeal at Doc. 3. The Bankruptcy Court bifurcated the fees, holding that reasonable fees actually incurred by the creditor would be treated as a secured claim and the remainder of the vested fees would be treated as an unsecured claim. *Id.* at 14. Both Welzel and Advocate appealed. Welzel argues that Advocate should not be allowed attorney's fees in excess of those determined to be actual and reasonable. Br. Daniel A. Welzel, Jr., Debtor/Appellant at 3 (CV499–142, Doc. 6). Advocate argues that the entire amount of fees should be allowed as a secured claim. Br. Appellant Advocate Realty Investments, LLC at 14 (CV499–145, Doc. 8). For the reasons that follow, the decision entered in the Bankruptcy Court is reversed. The Court agrees with the Bankruptcy Court that 11 U.S.C. § 506(b) applies to Advocate's claim. However, the Court finds that the Bankruptcy Court erred in bifurcating the amount and holding that any fees not determined to be reasonable would be allowed as an unsecured claim.

## STANDARD OF REVIEW

■ It is well established that a reviewing court must accept the findings of fact by the Bankruptcy Court unless those findings are clearly erroneous. *See In re Greenbrook Carpet Co., Inc.*, 722 F.2d 659, 660–61 (11th Cir.1984); *In re Johnson*, 960 F.2d 396, 399 (4th Cir.1992). As a basis for appellate review, a finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction, based on the entire record of evidence, that a mistake has been committed. *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

■ "While this Court is obliged to accept the bankruptcy court's undisturbed findings of fact unless they are clearly erroneous, it is not required to accept its conclusions as to the legal effect of those findings." *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395,

396 (2d Cir.1987). Legal determinations reached by the Bankruptcy Court below normally are reviewed by this Court *de novo.* *See Johnson*, 960 F.2d at 399.

## FACTUAL BACKGROUND

The Court accepts the findings of fact issued by the Bankruptcy Court and essentially restates those findings below.

Advocate is the holder of a first priority deed to secure debt on properties owned by debtor Welzel that are located in the Historic District of Savannah, Georgia. Order on Debtor's Objection to Claim at 2. In August 1998, Advocate, which purchased the promissory notes from Darby Bank and Trust Company, notified Welzel in writing that the notes were immediately due and payable. Advocate also informed Welzel of its intention to invoke the attorney's fee provisions contained in its loan documents, pursuant to O.C.G.A. § 13–1–11. *Id.* at 2–3. Section 13–1–11 provides that upon such written notice, debtor shall have ten (10) days from the date of the notice in which to pay the principal and interest due without incurring any liability for attorney's fees. O.C.G.A. § 13–1–11. Welzel failed to pay any of the principal and interest within the ten (10) day period. As a result, Advocate's right to a sum of $146,799.71 in attorney's fees vested as a matter of state law under § 13–1–11. Order on Debtor's Objection to Claim at 3. Welzel filed for bankruptcy under Chapter 11 on August 31, 1998, after the ten-day grace period expired. Stip. Facts and Docs. Between Debtor and Advocate Realty Investments, LLC at 5, CV499–145 Bankr.R. on Appeal at Doc. 6. Advocate's claim against the Debtor included the $146,799.71 in statutory attorney's fees at issue in this case. Order on Debtor's Objection to Claim at 3.

In December 1998, Judge Davis converted the case to a Chapter 7 liquidation (which required a trustee for the liquidation of the assets) because he found that Welzel was being dishonest with the Court and intentionally withholding information

about his assets. Mem. and Order on Mot. Relief from Stay and Mot. Dismiss at 14, CV499–145 Bankr.R. on Appeal at Doc. 10. A bankruptcy hearing was set for February 24, 1999. Order on Debtor's Objection to Claim at 1. Although there has been no dispute over the amount of principal and interest due on the notes, both parties contend that the Bankruptcy Court erred in its decision regarding the award of statutory attorney's fees. *Id.* at 1–2.

In its order dated April 21, 1999, the Bankruptcy Court held that the entire amount of pre-petition attorney's fees had vested and should be allowed in full. *Id.* at 6. The court bifurcated the fees, however, holding that the "reasonable fees actually incurred by the creditor [should be] treated as secured claims in the case, and the remainder of the vested claim [should be] treated as a general unsecured claim for the purposes of distribution." *Id.* at 12. The court concluded that, as of the date of the filing, Welzel was obligated to Advocate as a matter of state law for $146,799.71 in statutory attorney's fees, as that amount was an allowed claim under 11 U.S.C. § 502. *Id.*

The Bankruptcy Court explained that, prior to the enactment of the Bankruptcy Reform Act of 1978, Advocate would have been entitled to the entire amount of the fees as a fully secured claim. *Id.* at 6–7; *see In re East Side Investors,* 694 F.2d 242, 245–46 (11th Cir.1982). The Bankruptcy Code of 1978, however, "arguably changed the treatment of attorney's fees

owed to a secured creditor." Order on Debtor's Objection to Claim at 7. Because of the new Section 506 reasonableness standard, the Bankruptcy Court had "previously ruled that statutory fees were not allowed *in toto." Id.* (citing *In re Cedars Ltd.,* Ch. 11 487–01063, slip op. (Bankr. S.D.Ga.1988)).[1]

The Bankruptcy Court held that 11 U.S.C. § 506(b) does not mandate that the balance of the attorney's fees should be disallowed, explaining that these fees had vested under state law and had therefore become an allowable claim under 11 U.S.C. § 502. Sections 502 and 506, the Court explained, should not be read to limit each other. "11 U.S.C. § 506 speaks only to the allowance of a secured claim. It is silent as to the unsecured balance of a claim. The balance therefore remains an allowed but unsecured claim." *Id.* at 10–11.

Advocate appealed the Court's order, stating that it had no authority to bifurcate the award and treat part of the amount as secured and part as unsecured. Br. Appellant Advocate Realty Investments, LLC at 10. Advocate contends that the entire amount should be included as secured, since it vested under state law and melted into the principal. *Id.* at 9. Welzel also appealed, contending that the Court erred in finding that Advocate was entitled to any more fees than what is determined to be reasonable under Section 506(b). Br.

1. The Bankruptcy Court stated that *"Cedars* has been the law in this district for over ten years; I will continue to follow that holding as a matter of *stare decisis* unless and until a contrary ruling is made on this subject by a higher court." *Id.* at 8. However, in footnote 1, the Court opined that:

Advocate's argument presents a close question. I recognize a strong argument that *East Side Investors* in fact governs this case and that the entire statutory attorney's fees, when they became vested pre-petition as a matter of law, are not divested as a result of the Debtor's bankruptcy filing. Under this theory, Section 506 would not be rendered superfluous, but would instead be applica-

ble to cases where no pre-petition vesting of statutory attorney's fees occurred. *Cf. In re Heller,* 768 F.2d 580 (4th Cir.1985) (attorney's fees allowed under § 506 despite being unenforceable under state law). Such an approach views Section 506 as a Congressional recognition that post-petition fees provided for under the agreement— that is, fees which had not vested at filing— should still be allowed, but subject to a federal standard of reasonableness. Thus, Section 506 may represent a federally-created expansion of a creditor's non-vested right to fees—not a limitation on a creditor's entitlement to attorney's fees which had vested pre-petition. *Id.* at 8, n. 1.

Daniel A. Welzel, Jr., Debtor/Appellant at 3–4.

## ANALYSIS

The basic issue in this case turns on whether Advocate is entitled to recover the entire amount of statutory attorney's fees that had vested prior to the filing of Welzel's bankruptcy petition. If Advocate is entitled to the entire amount of these fees, the question then becomes whether the fees should be allowed as a secured claim or whether they should be bifurcated into secured and unsecured claims. In order to answer these questions, this Court must determine what effect 11 U.S.C. § 506(b) has on the applicability of O.C.G.A. § 13–1–11.

■ As the Bankruptcy Court found, Advocate's claim to $146,799.71 vested as a matter of state law prior to the bankruptcy filing. As a result, the Court correctly found that the entire amount became an allowable claim under 11 U.S.C. § 502, since none of the Section 502(b) exceptions apply. Accordingly, the full amount of the statutory attorney's fees should be allowed unless Section 506(b) disallows it.

■ Section 506(b) provides that "[t]o the extent that an allowed secured claim is secured by property the value of which . . . is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose." 11 U.S.C. § 506(b). As the parties and the Bankruptcy Court below noted, there is considerable disagreement among the courts as to how to construe this provision. Advocate argues that 506(b) merely operates to allow oversecured creditors to recover reasonable fees incurred post-petition or that otherwise would not be recoverable under state law. Br. Appellant Advocate Realty Investments, LLC at 14. Consequently, Advocate contends that Section 506(b) was enacted to protect creditors, rather than

harming them by disallowing claims otherwise valid under state law. *Id.* at 12.

Conversely, Welzel argues that with the enactment of § 506(b), Congress undertook to apply a uniform federal standard of reasonableness when assessing attorney's fees in bankruptcy cases. As a result, Welzel contends, all state standards regarding attorney's fees in these cases are preempted by Section 506(b), including those state laws that would provide more recovery to the creditor (as is the case with O.C.G.A. § 13–1–11). Br. Daniel A. Welzel, Jr., Debtor/Appellant at 4–5. Both parties present compelling policy arguments. Due to persuasive opinions from the Bankruptcy courts in this circuit and from other circuit courts, however, the Court agrees with Welzel that 506(b) should be read to preempt state law.

In its order, the Bankruptcy Court below held that "both the language and the legislative history of Section 506(b) support the rule that a bankruptcy court should independently inquire into the reasonableness of claimed attorney fees." Order on Debtor's Objection to Claim at 8. The Bankruptcy Court stated that "the argument that the fee is reasonable because it is enforceable under state law is 'linguistically untenable.'" *Id.* (quoting *In re 268 Ltd.*, 789 F.2d 674, 675 (9th Cir. 1986)). This finding is supported by a number of bankruptcy decisions in this circuit. *See In re Curtis*, 83 B.R. 853, 860–61 (Bankr.S.D.Ga.1988); *In re Cedars, Ltd.*, Ch. 11 487–01063, slip op. at 4–6 (Bankr.S.D.Ga.1988); *In re Standard Building Assocs., Ltd.*, 85 B.R. 644, 648 (Bankr.N.D.Ga.1988); *In re Centre Court Apartments, Ltd.*, 85 B.R. 651, 660–61 (Bankr.N.D.Ga.1988); *In re Davis*, 77 B.R. 313, 315 (Bankr.M.D.Ga.1987). A district court opinion from the Eleventh Circuit also supports the use of a federal standard of reasonableness. *See In re Scarboro*, 13 B.R. 439, 442 (M.D.Ga.1981). Finally, several decisions from district and appellate courts in other circuits support the use of Section 506(b) when determining attor-

ney's fees in bankruptcy cases. *Unsecured Creditors' Committee v. Walter E. Heller,* 768 F.2d 580, 585 (4th Cir.1985); *In re Hudson Shipbuilders, Inc.,* 794 F.2d 1051, 1056–57 (5th Cir.1986); *In re 268, Ltd.,* 789 F.2d 674, 675–76 (9th Cir.1986); *In re Wonder Corp. of Am.,* 82 B.R. 186, 189–90 (D.Conn.1988).

The Bankruptcy Court in the instant case and other bankruptcy courts in this circuit hold that the reasonableness standard set forth in 506(b) applies even in cases where statutory attorney's fees have vested pre-petition pursuant to O.C.G.A. § 13–1–11. In *In re Cedars,* Judge Davis decided a case quite similar to the instant case. *In re Cedars, Ltd.,* Ch. 11487–01063, slip op. (Bankr.S.D.Ga.1988). Like Advocate, the creditor in *Cedars* was "oversecured." *Id.* at 2. Further, FNMA (the creditor in *Cedars*) had perfected its claim for attorney's fees pursuant to O.C.G.A. § 13–1–11 prior to the filing of the bankruptcy petition. The bankruptcy court subsequently held that the creditor's right to attorney's fees had vested prior to bankruptcy. *Id.* at 2–3. Nevertheless, the court in *Cedars* held that the fees were still subject to a federal standard of reasonableness under 11 U.S.C. § 506(b). The court explained that the enactment of the Bankruptcy Code of 1978 "changed prior law" as had been set forth in *In re East Side Investors. Id.* at 4. Applying § 506(b) in this case was supported by "the statutory language itself, legislative history, and policy considerations which seek to protect junior secured creditors, and unsecured creditors as well as first mortgage holders." *Id.* at 5.

In the case of *In re Curtis,* the bankruptcy court likewise held that the Section 506(b) reasonableness standard should be applied to a claim for attorney's fees that had vested pursuant to O.C.G.A. § 13–1–11.[2] *Curtis,* 83 B.R. at 860–61. Like the instant case, the bankruptcy court in *Curtis* found that the creditor's claims to attorney's fees had vested under state law prior to the filing of the bankruptcy petition. *Id.* at 858. The court found, however, that "the Bankruptcy Court is compelled to determine the allowability of a claim for attorney's fees as a portion of a secured creditor's claim with reference to the reasonableness standard under Bankruptcy Code section 506(b), *even though the claim would be enforceable in its full amount under state law.*" *Id.* at 860. (emphasis added). The court then surveyed the law in other circuits and cited *Hudson Shipbuilders, In re 268, Ltd.,* and the *Heller* case and explained that those cases "state present bankruptcy law," rather than the law set forth in *In re East Side Investors,* which reflected the law prior to the current bankruptcy code. *Id.* at 861.

Many Georgia courts have stated compelling policy reasons for applying a federal reasonableness standard, rather than allowing statutory attorney's fees in full under the provisions of O.C.G.A. § 13–1–11. In the case of *In re Centre Court Apartments, Ltd.,* the bankruptcy court found that there was no evidence that the amount of statutory attorney's fees that the creditors claimed under § 13–1–11 bore "any relationship to the actual attorney's fees expended in the collection of the debt." *Centre Court Apartments,* 85 B.R. at 655. The court then stated that "[t]he federal courts have recognized that percentage fee assessments under O.C.G.A.

---

**2.** Advocate argues, and the Bankruptcy Court below agrees, that *Curtis* is factually distinguishable from the instant case. According to Advocate, *Curtis* did not reach the issue on appeal in this case: whether the balance of the attorney's fees can be allowed as an unsecured claim. Br. Appellee at 17 (CV499–142, Doc. 8). This argument is inapposite, however, since the Court finds no reason to treat any part of Advocate's fees as an unsecured claim. The Bankruptcy Court found that a factual distinction existed because in *Curtis,* "the attorney's fees which accrued pre-petition were divested only because the note was decelerated." Order on Debtor's Objection to Claim at 11. The court in *Curtis,* however, stated that the reasonableness standard of 506(b) would apply "even though the claim would be enforceable in its full amount under state law." *Curtis,* 83 B.R. at 860.

§ 13–1–11 are grossly disproportionate to the amount of fees actually incurred and that they in fact provide a windfall to the creditor, at the expense of the other creditors or the equity interest holders." *Id.* (citing *United States v. Allen,* 699 F.2d 1117, 1123 (11th Cir.1983); *In re Atlanta Raceway, Inc.,* 513 F.2d 546, 549 (5th Cir. 1975); *In re Burns,* 16 B.R. 757, 761 (Bankr.M.D.Ga.1982)).

In the case of *In re Homestead Partners, Ltd.,* 200 B.R. 274 (Bankr.N.D.Ga. 1996), the court cautioned that "O.C.G.A. § 13–1–11 should not be read to provide an unqualified right to a percentage payment with no regard for the actual nature of such expenses or their corresponding reasonableness." *Id.* at 278 n. 3. The court, which held that post-petition fees may be allowed on an unsecured basis, nevertheless explained that even unsecured claims should be disallowed if they are not reasonable. *Id.* Even in the case of *In re Ridgewood Apts. of DeKalb County, Ltd.,* 174 B.R. 712 (Bankr.S.D.Ohio), where the court allowed statutory attorney's fees under § 13–1–11 to an unsecured creditor, the court did so reluctantly, stating that it was "left with no alternative." *Id.* at 720.

Advocate argues that 506(b) only applies in cases where the attorney's fees have vested post-petition, rather than vesting pre-petition as in the instant case. The Court, in agreement with the Bankruptcy Court in this case, finds no compelling reason to make such a distinction. In both *Curtis* and *Cedars,* the fees had vested pre-petition under § 13–1–1, and the courts found that 506(b) still applied. *Curtis,* 83 B.R. at 858, 861; *Cedars,* Ch. 11487–01063, slip op. at 3–5. Further, case law from other circuits supports a

finding that 506(b) applies to pre-petition fees as well as post-petition fees. *See In re Hyer,* 171 B.R. 67, 70 (Bankr.W.D.Mo. 1994); *In re Defender Drug Stores, Inc., et al.,* 126 B.R. 76, 80 (Bankr.D.Ariz.1991).

■ In its order in the instant case, the Bankruptcy Court allowed the statutory attorney's fees in full, bifurcating this amount into secured and unsecured claims. The decision to bifurcate makes sense from an equitable standpoint.[3] This Court, however, must conduct a de novo review and finds little authority for the Bankruptcy Court's decision that any part of the claim at issue should be treated as unsecured. Both parties stipulate that Advocate is an oversecured creditor. *See* Br. Daniel A. Welzel, Jr., Debtor/Appellant at 4; Br. Appellant Advocate Realty Investments, LLC at 6–7. Further, Advocate itself argues that the entire amount of the fees should be treated as a secured claim. *Id.* at 10. Additionally, even in *Homestead Partners,* a case that suggests that claims could be allowed as unsecured, the court cautions against a cavalier application of O.C.G.A. § 13–1–11. *See Homestead Partners,* 200 B.R. at 278 n. 3 (holding that "if creditors may present claims for post-petition attorney's fees on an unsecured basis, it still remains within the Court's basic equitable power to review such fee requests, and, to the extent that they are not reasonable, to order that the fees be disallowed"). Because Advocate is oversecured, the better result is to treat the entire claim as subject to the 506(b) reasonableness standard. This conclusion is supported by *Cedars* and *Curtis.*

## CONCLUSION

Because the Court finds that 506(b) applies to Advocate's entire claim, the Court

---

**3.** Indeed, there is a compelling argument for the Bankruptcy Court's treatment of the case. Applying 506(b) across the board does seem to provide the debtor with a tactic for avoiding otherwise valid contractual obligations. *See United Merchants & Mfrs. Inc. v. Equitable Life Assurance Soc'y,* 674 F.2d 134, 137 (2d Cir.1982) ("Rather than providing an undeserved bonus for one creditor at the ex-

pense of others, allowing a claim under a collection costs provision merely effectuates the bargained-for terms of the loan contract.") Because both sides present compelling policy arguments, however, this Court will follow the general policy set forth in the bankruptcy courts of this circuit and apply a uniform federal standard, instead of O.C.G.A. § 13–1–11.

reverses the Bankruptcy Court's award of attorney's fees. Advocate is entitled to receive only the amount of attorney's fees that the Bankruptcy Court deems reasonable under 506(b).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the decision of the Bankruptcy Court is reversed. Pursuant to the provisions of 11 U.S.C. § 506(b), Advocate may petition the Bankruptcy Court for the allowance of reasonable attorney's fees as an oversecured creditor.