**In the Matter of SANJEEV AND RAJEEV, INC., Debtor.**

No. 06–60141.

United States Bankruptcy Court,
S.D. Georgia,
Statesboro Division.

Dec. 11, 2008.

Sanjeev and Rajeev, Inc., Statesboro, GA, pro se.

Austin E. Carter, Stone & Baxter, LLP, Macon, GA, for Trustee.

Joel Paschke, Matthew E. Mills, Office of U.S. Trustee, Savannah, GA, for U.S. Trustee.

### MEMORANDUM AND ORDER ON CLAIMANT'S APPLICATION FOR ADMINISTRATIVE EXPENSE PRIORITY

LAMAR W. DAVIS, JR., Bankruptcy Judge.

The Claimant, Thomas Renfrow, filed a request for an allowance of an administrative expense claim for attorney's fees associated with Debtor's default under an assumed lease. The Chapter 11 Trustee filed an objection. After a hearing on the merits on November 7, 2008, I enter the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Debtor entered into a lease agreement (the "Lease") with Thomas F. Renfrow, Wilma G. Renfrow, J. Craig Campbell, Judy R. Campbell, Thomas F. Renfrow, Jr. and Susan Tootle Renfrow on July 23, 1990. The lease concerned certain real property located on 316 South Main Street in Statesboro, Georgia, on which Debtor was to operate a hotel. By its own terms, the Lease would not expire until July 31, 2015, and upon expiration, Debtor had an option to purchase the real property.

Paragraph 32 of the Lease governs default under the lease, which was triggered by certain occurrences including: "a failure to pay, when due, any item of rent herein provided ... or any item of taxes, assessments, imposts, licenses, fees, excises, or charges required by the terms of this instrument to be paid by any Tenant;" and "a failure by the Tenant to perform

any of the terms and provisions of this lease as required of said Tenant herein." Upon Debtor's failure to pay rents or any other amounts due under the Lease and if it becomes necessary for an attorney to be involved, Paragraph 11 of the Lease provides that Debtor pays his Landlord's attorney's fees. *Objection to Request*, Dckt. No. 333, Exhibit A (August 22, 2008).

Debtor filed Chapter 11 on April 12, 2006 and filed a motion to assume the Lease on May 16, 2006. *Motion to Assume*, Dckt.No. 37. The motion was granted by this Court on August 11, 2006. *Second Interim Order*, Dckt.No. 71. After the assumption of the lease, Debtor failed to make several payments for rent and taxes which caused the Claimants to hire an attorney to collect the payments. On October 26, 2007, this Court entered an order directing the appointment of a Chapter 11 Trustee. *Order*, Dckt.No. 159 (October 30, 2007). On May 30, 2008, upon a motion by the Chapter 11 Trustee, the Court entered a bar order requiring the filing of administrative expense claims on or before July 31, 2008. *Bar Order*, Dckt. No.305.

On July 31, 2008, the Claimant filed a request for allowance and payment of an administrative expense claim for attorney's fees associated with Debtor's default under the assumed Lease. The claimant argues that once a lease is assumed, "damages flow in from a post-assumption breach are entitled to administrative claim status in a case." Claimant asserts that attorney's fees associated with the post-assumption breach are examples of such damages. *Application for Administrative Expense*, Dckt.No. 326 (citations omitted).

The Chapter 11 Trustee agrees with the Claimant that "damages incurred as a result of a post-assumption breach of a contract are entitled to administrative claim status." But the Trustee argues that the recovery of attorney's fees as an element of these damages is governed under state law and that the Claimant is barred for recovering attorney's fees since he did not send notice to Debtor in accordance to O.C.G.A. § 13–1–11(a)(3). *Objection of Chapter 11 Trustee*, Dckt.No. 333, pgs. 3–4.

### CONCLUSIONS OF LAW

██ Before this Court hears arguments on the specific attorney's fees that are disputed by the Chapter 11 Trustee, both parties have asked this Court to determine a threshold issue—whether the Claimant is entitled to attorney's fees as an allowable administrative claim under 11 U.S.C. § 503(b)(1)(A). Section 503(b) governs the allowance of administrative claims, and in addition to other enumerated expenses, this section provides, in pertinent part:

> (b) After notice and a hearing, there shall be allowed administrative expenses, ... including—(1)(A) the actual, necessary costs and expenses of preserving the estate.

11 U.S.C. § 503(b)(1)(A)

"The policy behind granting administrative expense priority under Section 503(b)(1)(A) to those expenses actual and necessary to preserve the estate is to prevent unjust enrichment of the debtor's estate." *In re Baldwin Rental Centers, Inc.*, 228 B.R. 504, 511. (Bankr.S.D.Ga.1998)(Walker, J.). Therefore, to qualify as actual and necessary, the expense must have conferred a benefit to the debtor that is fundamental to the conduct of its business. *Varsity Carpet Servs. v. Richardson (In re Colortex Indus., Inc.)*, 19 F.3d 1371, 1383 (11th Cir. 1994).

██ "The assumption of an executory contract by a Debtor–in–Possession is an

act of administration creating an obligation of the estate which is legally distinct from the obligations that existed prior to an assumption of the contract." Therefore, "[i]n contrast to the rejection of [an] unassumed contract which arises from a transaction with the prebankruptcy Debtor, the rejection of an assumed contract arises directly from a transaction with the Debtor–in–Possession." As a result, "it is the Debtor–in–Possession which has caused legally cognizable injuries and the claims arising from those actions are entitled to priority as an administrative expense" under 11 U.S.C. § 503(b)(1)(A). *Samore v. Boswell (In re Multech Corp.),* 47 B.R. 747, 750–51 (Bankr.N.D.Iowa 1985)(internal citations omitted); *see also In re Enderle,* 352 B.R. 444, 445–46 (Bankr. E.D.Mich.2006); *In re Masek,* 301 B.R. 336, 337–38 (Bankr.D.Neb.2003); *In re Sporting Way, Inc.,* 126 B.R. 110, 112 (Bankr.M.D.Fla.1991); *In re Pearson,* 90 B.R. 638, 644 (Bankr.D.N.J.1988); *but see In re Johnston, Inc.,* 164 B.R. 551, 555–56 (Bankr.E.D.Tex.1994).

■ In order for attorney's fees to be considered an element of the damages arising from the breach of the assumed lease, the right to collect attorney's fees must (1) arise under the lease and (2) be valid under applicable state law. *See Security Mortgage Co. v. Powers (In re Florida Furniture Co.),* 278 U.S. 149, 154, 49 S.Ct. 84, 85–86, 73 L.Ed. 236, (1928)("The validity of the lien claimed by the [Claimant] for attorney's fees must be determinated by the law of Georgia ...."); *In re Shangra–La, Inc.,* 167 F.3d 843, 849 (4th Cir.1999) ("Entitlement to attorneys' fees ... is dependent on the terms of the lease and on state law."); *TranSouth Fin. Corp. of Florida v. Johnson,* 931 F.2d 1505, 1507–08 (11th Cir.1991)(The Eleventh Circuit found that a creditor who prevails in a dischargeability proceeding may recover attorney's fees if the fees are provided in a contract between the parties and is valid under "local law."); *Sec. Nat'l Bank v. Cotton (In re Atlanta Int'l Raceway, Inc.),* 513 F.2d 546, 548–49 (5th Cir.1975)("The validity of the [claimant's post-petition] lien for attorney's fees is a question of Georgia law."); *Bargas v. Rice (In re Rice),* 82 B.R. 623, 626–27 (Bankr.S.D.Ga. 1987)("It is axiomatic that the validity of a lien for attorney's fees is a question of state law, whereas the enforceability of that lien in a bankruptcy proceeding is a matter of federal law.").

■■ O.C.G.A. § 13–1–11 requires as a condition precedent that in order to enforce a provision for attorney's fees in a note or other evidence of indebtedness, the debtor must be given ten days notice of the holder's intent to enforce such a provision. During that time, the obligor is free to pay the balance due without liability for attorney's fees. In the present case, since the Claimant did not give the ten days notice to Debtor as required under Georgia law, the Claimant's right to collect attorney's fees did not vest, thus Debtor is not entitled to an administrative expense priority. *See Mills v. East Side Investors (In re East Side Investors),* 694 F.2d 242, 245–46, *reh'g. den.* 702 F.2d 214 (11th Cir.1983)(creditors notice was sent and 10 day period expired pre-petition, held: right to collect attorney's fees had vested); *In re Atlanta Int'l Raceway,* 513 F.2d at 548–49 (creditors notice was sent post-petition, held: lien could not be enforced in bankruptcy); *In re Rice,* 82 B.R. at 626–27 (creditors notice was sent pre-petition, but 10 day period expired post-petition, held: holder is barred from collecting attorney's fees.).

### ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE

ORDER OF THIS COURT that Claimant's attorney's fees did not vest under state law and cannot be recovered as an administrative expense. The Motion/Request of Thomas Renfrow is DENIED.